UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA *ex rel.*, )<br>TIMOTHY C. PLATT *et al.*, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>ARGOSY UNIVERSITY, )<br>)<br>Defendant. ) | NO. 1:13-cv-1257-JMS-MJD |

ORDER (1) STRIKING COMPLAINT AND
(2) DIRECTING FURTHER PROCEEDINGS

Presently before the court is the complaint of relators Timothy Platt and Sonia Platt, who purport to bring a *qui tam* action on behalf of the United States under the False Claims Act ("FCA"). Having considered that complaint, and being duly advised, the court finds that certain action must be taken and the relators afforded an opportunity to proceed under the conditions which are explained.

**I.**

To set the stage, we start with a brief overview of the FCA and the provisions that are relevant to this case. The FCA prohibits the knowing submission of false or fraudulent claims for payment, or causing the submission of such claims, to the federal government and prescribes fines and treble damages to penalize offenders. 31 U.S.C. § 3729(a).[2] The FCA's qui tam provisions "supplement federal law enforcement resources by encouraging private citizens to uncover fraud on the government." *United States ex rel. Rost v. Pfizer, Inc.,* 507 F.3d 720, 727 (1st Cir. 2007). Such provisions permit private persons (known as relators) to bring certain fraud claims on behalf of the United States Government. 31 U.S.C. § 3730(b).[3] Qui tam actions are filed under seal and remain that way for at least 60 days. *Id.* § 3730(b)(2). This procedure gives the government an opportunity to assess the relator's complaint and decide whether to intervene and assume primary responsibility for prosecuting the case. *Id.* § 3730(b)(2), (b)(4), (c)(1). A relator is entitled to

> recover a share of the proceeds from the action, subject to the requirements of the statute, regardless of whether the government decides to intervene. *Id.* § 3730(d).

*U.S. ex rel. Heineman-Guta v. Guidant Corp.,* 718 F.3d 28, 30 (1st Cir. 2013)(internal footnote omitted).

> But to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer—and Georgakis is neither. A nonlawyer can't handle a case on behalf of anyone except himself. United States ex rel. Lu v. Ou, 368 F.3d 773, 775–76 (7th Cir. 2004)[*]; Lewis v. Lenc–Smith Mfg. Co., 784 F.2d 829, 830–31 (7th Cir. 1986) (per curiam); United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 92–93 (2d Cir. 2008); see 28 U.S.C. § 1654. The plaintiff can't maintain this suit in his individual (as distinct from a representative) capacity either, because he doesn't claim to have been injured by the defendants in the slightest and he therefore seeks no benefit to himself from the suit other than the bounty that he could expect to be awarded if the suit were successful.

*Georgakis v. Illinois State University*, 722 F.3d 1075, 1076 (7th Cir. 2013). The foregoing rule and explanation leaves no room for doubt, but the broadness of the rule which is endorsed has been carefully annotated in *Brantley v. First Titling Title Agency,* 2012 WL 6725592, at *3 (S.D.Ohio 2012):

> As an initial matter, to the extent that plaintiff brings a *qui tam* action on behalf of the United States under the False Claims Act, the complaint is subject to dismissal because this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant. *See, e.g., Maliani v. Vanderbilt Univ. Med. Ctr.,* No. 3:10–0235, 2010 WL 4054268, at *6 (M.D.Tenn. Oct.15, 2010) (and numerous cases cited therein) (quoting *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.,* 207 F. App'x 731, 732 (7th Cir. 2006), in holding that "a *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."); *Carter v. Washtenaw County,* No. 09–14994, 2010 WL 3222042, at *1 (E.D.Mich. Aug.13, 2010) (dismissing complaint on screening pursuant to 28 U.S .C. § 1915(e) because the "only potential federal cause of action" was a *qui tam* action under the FCA that could not be brought by a *pro se* relator). Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se,* the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions. *See, e.g., Jones v. Jindal,* 409 F. App'x 356 (D.C.Cir. 2011) (per curiam); *United States ex rel. Mergent Servs.*

*v. Flaherty,* 540 F.3d 89, 92–94 (2nd Cir. 2008) (and cases cited therein); *Timson v. Sampson,* 518 F.3d 870, 873–74 (11th Cir. 2008); *Rogers v. Sacramento Cnty.,* 293 F. App'x 466, 467 (9th Cir. 2008) (citing *Stoner v. Santa Clara Cnty. Office of Educ.,* 502 F.3d 1116, 1126–27 (9th Cir. 2007)); *United States ex rel. Brooks v. Lockheed Martin Corp.,* 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam) (citing *United States ex rel. Lu v. Ou,* 368 F.3d 773, 775–76 (7th Cir. 2004)); *United States v. Onan,* 190 F.2d 1, 6 (8th Cir. 1951).

Thus, it is beyond question that the Platts may not bring a FCA claim on behalf of the United States.

## II.

### A.

Based on the discussion in Part I of this Entry, the complaint [dkt. 1] is **stricken** because it has not been filed by an attorney admitted to practice in this court and has not been filed by unrepresented parties seeking to assert their own claim(s).

Although stricken, the clerk shall retain the complaint in the file.

### B.

The Platts shall have through October 17, 2013, in which to file an amended complaint. If an amended complaint is filed, any FCA claim must be asserted by counsel representing the Platts as relators. The requirement of representation considered herein applies only to a FCA claim because in other respects a litigant in federal court may either appear *pro se* or by counsel. *Lewis v. Lenc-Smith Manufacturing Co.*, 784 F.2d 829, 830 (7th Cir. 1986); 28 U.S.C. ' 1654.

If an amended complaint is not filed as just prescribed, the action will be dismissed.

IT IS SO ORDERED.

Date:  09/18/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy C. Platt
Sonia E. BosquezPlatt
2757 Dietz Street
Indianapolis, IN 46203

Electronically Registered Counsel